IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE SMALLS,  :
    Plaintiff,  :
      :
v.  :    CIVIL ACTION NO. 21-CV-0902
      :
WARDEN DAVID GALIONE, *et al.*  :
    Defendant.  :

## MEMORANDUM

**JONES, II, J.**                                                                **APRIL 28, 2021**

Plaintiff Andre Smalls, a prisoner currently incarcerated at the Bucks County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. Smalls seeks leave to proceed i*n forma pauperis*. For the following reasons, the Court will grant Smalls leave to proceed *in forma pauperis*, dismiss certain of his claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and permit him to proceed on other claims. The Court will also give Smalls an opportunity to file an amended complaint prior to directing service.

### I.    FACTUAL ALLEGATIONS

Smalls brings this case against the following Defendants, all of whom are alleged to be employed at the Bucks County Correctional Facility: (1) Warden David Galione; (2) Warden Kelly Reed; (3) Dr. Cassidy; and (4) Dr. K/Jane Doe. (Compl. ECF No. 2 at 2-3, 12.)[1] Smalls alleges that the events giving rise to his claims commenced on September 16, 2020 when he was placed on a 24/7 mental health lock down[2] by Dr. Cassidy and Dr. K/Jane Doe for his refusal to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] In his Complaint, Smalls refers to "CMHS" lockdown and the MHU, and although he does not define those terms, the Court presumes they refer to Correctional Mental Health Services and Medical Housing Unit.

take psychiatric medication. (*Id.* at 4-5, 7, 12.) Smalls avers that he is still subjected to the lockdown, and he asserts that his Eighth and Fourteenth Amendment rights have been violated by the Defendants. (*Id.* at 3, 12.) Smalls avers that he is being "emotionally and psychologically tortured because he refuse[s] to take psychiatric medication" and he has been "isolated with no human contact or time out [of] his cell." (*Id.* at 12.) He asserts that Dr. Cassidy refuses to take him off mental health lockdown and he was "house[d] in cell with feces on wall." (*Id.*) Smalls avers that the lockdown has prevented him from attending school programs, obtaining a job, receiving visits, ordering a television, and experiencing other privileges that inmates are allowed in general population." (*Id.* at 13.)

With respect to Wardens David Galione and Kelly Reed, Smalls asserts that although they have "responsibility for the operation of the entire prison system," there is "no dispute that they are not directly involved in the deliver[y] or non delivery of mental health services on the MHU." (*Id.* at 12-13.) However, he asserts that "both wardens [were] aware of the general continuing problems of mental health care" and "could have acted to correct the situation but [chose] not to." (*Id.* at 13.)

Smalls avers that he has sustained emotional and psychological abuse because of the alleged conduct of Defendants. (*Id.* at 5, 13.) He seeks compensatory and punitive damages against all four of the Defendants in an unspecified amount. (*Id.*)

## II.  STANDARD OF REVIEW

The Court grants Smalls leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C.

---

[3] However, as Smalls is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

§ 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. (*Id.*) As Smalls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Wardens David Galione and Kelly Reed

There are no factual allegations that either Warden David Galione or Warden Kelly Reed played a role with respect to the decisions to offer Smalls psychiatric medication or place him on a mental health lock down. In fact, Smalls avers that there is "no dispute that [Galione and

Reed] are not directly involved" in the decisions relating to mental health services. (ECF No. 2 at 12-13.) In a § 1983 action, however, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Smalls does not explicitly allege how either Galione or Reed were involved in the alleged deprivation of his rights, the claims against them will be dismissed.

To the extent Smalls seeks to assert claims based on a supervisory liability theory against Galione and Reed, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*.

Smalls does not allege that either Galione or Reed, with deliberate indifference to the consequences, maintained a policy, practice or custom that resulted in the conduct that allegedly

4

violated Smalls's constitutional rights, nor does he allege that either Galione or Reed participated in the alleged improper conduct.  Instead, Smalls simply avers that they were aware of the general continuing problems of mental health care but chose not to do anything.  (ECF No. 2 at 13.)  This allegation is brief and conclusory and does not provide enough factual development to support a plausible claim that either Galione or Reed's actions or inactions resulted in conduct that allegedly violated Smalls's constitutional rights.  That is especially so given Smalls's contradictory allegation that these Defendants are not directly involved in the delivery or non-delivery of mental health services.  Accordingly, the claims against Galione and Reed will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims Against Dr. Cassidy and Dr. K/Jane Doe**

Smalls alleges that Dr. Cassidy and Dr. K/Jane Doe placed him on a 24/7 mental health lock down because he refused to take psychiatric medication.  (ECF No. 2 at 4-5, 7, 12.)  "[C]onvicted prisoners[] . . . retain a limited right to refuse treatment," although this right must also be balanced against valid state interests.  *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); *see also Washington v. Harper*, 494 U.S. 210, 221–22 (1990) (holding that prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment" that must be balanced against the state's legitimate interests).  The Court of Appeals for the Third Circuit has also construed forced medication claims brought by prisoners under the Eighth Amendment.  *See Aruanno v. Glazman*, 316 F. App'x 194, 195 (3d Cir. 2009) (analyzing forced medication claim under Eighth Amendment and Due Process Clause).

The Court understands Smalls to be alleging that Drs. Cassidy and K/Jane Doe retaliated against him for exercising his right to refuse medication by placing him in a 24/7 lockdown.

5

Smalls has alleged a basis for proceeding on these claims at this time. *See Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) ("To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some adverse action at the hands of prison officials,' and (3) 'his constitutionally protected conduct was a substantial or motivating factor in the decision' to take that action." (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001))); *White*, 897 F.2d at 114 ("White had a right to refuse treatment protected by the Due Process clause of the Fourteenth Amendment. He may not be sanctioned for exercising that right.").

## IV. CONCLUSION

The Court will grant Smalls leave to proceed *in forma pauperis* and dismiss his claims against Warden David Galione and Warden Kelly Reed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Smalls will be given an opportunity to file an amended complaint against Galione and Reed in the event he can cure the deficiencies in his claims against them. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If he chooses not to file an amended complaint, the Court will direct service on his remaining claims against Defendants Dr. Cassidy and Dr.K/Jane Doe only. An appropriate Order follows.

BY THE COURT:


*/s/* **C. Darnell Jones, II**
**C. Darnell Jones, II  J.**