IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE SMALLS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-0902<br>: |
| WARDEN DAVID GALIONE, *et al.*<br>    Defendant. | :<br>: |

**ORDER**

AND NOW, this 28th day of April, 2021, upon consideration of Plaintiff Andre Smalls's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Affidavit in support thereof (ECF No. 7), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.[1]

    2.    Andre Smalls, #119378, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Bucks County Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Smalls's inmate account; or (b) the average monthly balance in Smalls's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Smalls's inmate trust fund account exceeds $10.00, the Warden or other appropriate official

---

[1] Smalls has set forth the steps taken in an effort to secure his prisoner account statement. (ECF No. 7). Although he has not been able to obtain a certified copy of his prisoner account statement for the time period from August 25, 2020 through February 25, 2021, this Court finds that Smalls has substantially complied with the directives of 28 U.S.C. § 1915(a)(2) and will permit him to proceed *in forma pauperis* in this matter.

shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Smalls's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of the Bucks County Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. Smalls's claims against Warden David Galione and Warden Kelly Reed are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons discussed in the Court's Memorandum.

6. Smalls is given thirty (30) days to file an amended complaint if he chooses to do so and in the event he can allege additional facts to reassert the claims dismissed without prejudice against Defendants Warden David Galione and Warden Kelly Reed. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Smalls's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-902. **If Smalls files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Smalls's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.** Claims that are not included in the amended complaint will not be considered part of this case. If Smalls chooses to draft an amended complaint, he should be mindful of the Court's reasons for dismissing his claims against Warden David Galione and Warden Kelly Reed as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. Should Smalls choose not to file an amended complaint and stand on his Complaint as originally submitted, the Court will direct service of his Complaint and **ONLY** his claims against Dr. Cassidy and Dr. K/Jane Doe.

8. Smalls may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Smalls is reminded to include the case number for this case, 21-920.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II  J.**